UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOHN CROCE,<br><br>                    **Plaintiff,**<br><br>v.<br><br>**AMERICA HEARS, INC., HENRY C. SMITH,**<br>**and ROBERT HOWARD,**<br><br>                    **Defendants.** | <br><br>**COMPLAINT**<br><br>**ECF CASE**<br><br> |

Plaintiff, John Croce ("Croce" or "Plaintiff"), by and through his attorneys, Archer &

Greiner, P.C., respectfully alleges as follows:

## NATURE OF THE ACTION

1.      This action arises from the breach of an employment contract and violations of

Pennsylvania's Wage Payment and Collection Law perpetrated by Defendants America Hears,

Inc. ("AHI"), Henry C. Smith ("Smith"), and Robert Howard ("Howard") (collectively the

"Defendants") in the above-captioned action.

## THE PARTIES

2.      Plaintiff is a citizen of the State of New Jersey and currently resides at 560

Eaglebrook Drive, Moorestown, NJ 08057.  AHI employed Plaintiff at its Bristol, Pennsylvania

offices.

3.      AHI is a corporation formed under the laws of the State of Delaware with its

principal place of business at 806 Beaver Street, Bristol, Pennsylvania 19007.

4.      Smith is a citizen of the Commonwealth of Pennsylvania and currently resides at 1210 Seabird Drive, Bristol, PA 19007. Upon information and belief, at all times relevant to this matter, Smith was the Executive Vice President of AHI.

5.      Howard is a citizen of New York and currently resides at 145 East 57th Street, 4th Floor, New York, NY 10022. During at least certain times relevant to this matter, Howard was the Chairman of the Board of AHI and played a regular role in management and decision making at AHI.

## JURISDICTION

6.      This court has diversity jurisdiction over this controversy, pursuant to 28 U.S.C. § 1332, because it is one arising between citizens of different states with an amount in controversy in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

7.      Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391(a), and because the contractual agreement at issue in this case selects this Court as an appropriate venue for this action.

## FACTUAL BACKGROUND

8.      On or about June 25, 2007, Croce and AHI entered into an Employment Agreement executed by Croce and by AHI, by and through Delain Wright as its President and Chief Executive Officer (the "Agreement").

9.      The Agreement was drafted by AHI and presented to Croce for signature on behalf of AHI. Croce's signature is dated July 3, 2007.

10.     At all times relevant in this matter, through September 6, 2007, Delain Wright was held out by America Hears as its President and/or CEO.

11.    Croce's employment with AHI commenced on June 25, 2007 and his title was Director of Marketing.

12.    Pursuant to section 1.1 of the Agreement, the "Initial Term" of employment was from June 25, 2007 to December 31, 2008.

13.    Pursuant to section 1.4 of the Agreement, as part of the consideration for the Agreement, Croce was eligible to receive "post-Term severance payments (Sections 5.4.2 and 5.4.3)."

14.    Pursuant to section 2.1 of the Agreement, AHI paid Croce a base salary at a rate of One Hundred Ten Thousand dollars ($110,000) per year.

15.    Pursuant to section 3 of the Agreement, Croce's employment by AHI was based at AHI's principal executive offices in Bristol, Pennsylvania.

16.    Section 5 of the Agreement enumerates the only circumstances that AHI could terminate Croce's employment with AHI prior to the conclusion of the "Initial Term", which were (1) Croce's death, (2) a disability which caused Croce to be absent from his duties for sixty (60) days, and (3) for cause, as specifically defined in the Agreement.

17.    Section 5.2 of the Agreement states that other than for termination based on Croce's death, AHI was required communicate notice of the termination to Croce by written notice.

18.    Section 5.2 of the Agreement also requires that notice of termination "shall indicate the specific termination provision in this Agreement relied upon and shall set forth in reasonable detail the facts and circumstances claimed to provide a basis for termination of the Executive's employment under the provision so indicated."

19.    At no times relevant to this matter did Croce suffer any disability as defined in the Agreement.

20.    Plaintiff received a written notice of termination dated September 6, 2007 and executed by Smith.

21.    The September 6, 2007 notice of termination states only "[e]ffective immediately your services are no longer required.  Please return all company equipment and credit cards before leaving.  You will no longer be welcome on company property.  Your cobra [sic] information will be mailed.  Thank you for your compliance."

22.    No other reasons were provided for Plaintiff's termination either orally or in writing.

23.    At no time prior to his termination did AHI ever provide to Croce any written notice of his "failure or refusal . . . to substantially perform his obligations under the Agreement" or afford him "a reasonable opportunity of at least ten (10) days to cure same" as required by section 5.1.3(i) of the Agreement.

24.    Accordingly, AHI terminated Croce without cause.

25.    Pursuant to section 5.4.2 of the Agreement, in the event that Croce's employment is terminated without cause, Croce is entitled to his base salary for the remainder of the "Initial Term" of the Agreement (defined in the Agreement as the "Severance Period"), payable in monthly installments.

26.    Additionally, pursuant to section 5.4.2 of the Agreement, during the Severance Period, Croce is entitled to continue to participate in all employee benefit plans that AHI provides to its senior executives.

27.    AHI, Smith, and Howard have refused to provide Croce with severance payments from September 6, 2007 to the present. Further, they have refused to permit Croce to participate in employee benefit plans that AHI provides to its senior executives and have cancelled his participation in AHI's group health plan, causing him to lose health coverage for himself and his family.

## COUNT ONE - BREACH OF CONTRACT

### (Plaintiff v. AHI)

28.    Plaintiff repeats and incorporates the allegations contained in the preceding paragraphs as if fully set forth here at length.

29.    Pursuant to the terms of the Employment Agreement, AHI was required to provide Croce with severance payments and benefits from the date of his termination through December 31, 2008.

30.    By failing to provide severance payments and benefits, AHI breached the express terms of its Employment Agreement.

31.    Due to the AHI's breach of the Employment Agreement, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against AHI for all of the following relief:

a.    An award of compensatory damages;

b.    Costs of suit; and

c.    Such other and further relief as the Court deems just and equitable.

## COUNT TWO - VIOLATIONS OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

### (Plaintiff v. All Defendants)

32.     Croce repeats and incorporates the allegations contained in the preceding paragraphs as if fully set forth here at length.

33.     Pursuant to the terms of the Employment Agreement, AHI was required to provide Croce with severance payments and benefits from the date of his termination through December 31, 2008.

34.     AHI, Smith, and Howard have failed and refused to provide Croce with Croce's severance payments and benefits from the date of his termination.

35.     These severance payments and benefits are "wages" as that term is defined by the Pennsylvania Wage Payment and Collection Law. 43 P.S. § 260 *et seq.*

36.     Due to the failure of AHI, Smith, and Howard to pay Croce's lawful wages, Croce has suffered damages, including the expense of attorney's fees to recover the unpaid wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for all of the following relief:

a.     An award of compensatory damages;

b.     An award of attorney's fees;

c.     An award of liquidated damages;

d.     Costs of suit; and

e.     Such other and further relief as the Court deems just and equitable.

ARCHER & GREINER
A Professional Corporation

By:_____
      Alexander Nemiroff (CV 7906)
      One Centennial Square
      Haddonfield, New Jersey 08033
      (856) 795-2121
      Attorneys for Plaintiff


Dated:   October 9, 2007


2898681v1