UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
: 
JOHN CROCE,                                                    :   ECF case
                                                               :   (electronically filed)
           Plaintiff,                                     :
   v.                                                           :   07 Civ. 8747 (LAP)
                                                               :
AMERICA HEARS, INC., Henry C. Smith, and                       :   **ANSWER AND AFFIRMATIVE**
ROBERT HOWARD,                                                 :   **DEFENSES**
                                                               :
           Defendants.                                    :   **JURY TRIAL DEMANDED**
                                                               :
------------------------------------------------------------- x

      Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants America Hears, Inc. ("AHI"), Henry C. Smith, and Robert Howard (collectively, "Defendants") hereby answer Plaintiff John Croce's ("Croce") Complaint and set forth their affirmative defenses, as follows:

## NATURE OF THE ACTION

      1.    Admit that Croce purports to bring an action based on breach of an employment agreement and various Pennsylvania statutes. Deny the remaining allegations in paragraph 1.

## THE PARTIES

      2.    Deny knowledge or information sufficient to admit or deny the allegations contained in the first sentence of paragraph 2. Admit that then-CEO, Delain Wright ("Wright") entered into the agreement with Croce attached hereto as Exhibit 1, which contains, among other things, provisions relating to Croce's obligations and the "Place of Performance," which is contained in section 3 of the agreement. Defendants respectfully refer the Court to section 3 in its entirety.

      3.    Admit the allegations contained in paragraph 3 of the complaint.

      4.    Admit the allegations contained in paragraph 4 of the complaint.

5. Admit the allegations contained in the first sentence of paragraph 5 of the complaint. Deny the remaining allegations contained in paragraph 5.

## JURISDICTION

6. The allegations contained in paragraph 6 of the complaint are legal conclusions and therefore no admission or denial is required.

7. The allegations contained in paragraph 7 of the complaint are legal conclusions and therefore no admission or denial is required.

## FACTUAL BACKGROUND

8. Admit as alleged in paragraph 8 that Wright and Croce entered into the agreement attached hereto as Exhibit 1, which states that it is "entered into as of June 25, 2007."

9. Deny the allegations in paragraph 9 of the complaint except admit that the under America Hears, Inc. signature line of the agreement attached hereto as Exhibit 1 there is a signature that purports to be that of Delain Wright, with the handwritten title, "President - CEO." Further admit that the date handwritten next to what purports to be Croce's signature is 7/3/07.

10. Admit that until September 6, 2007, Wright held the title of President and CEO of AHI.

11. Admit that the agreement referenced in the complaint and attached as Exhibit 1 states that it was "entered into as of June 25, 2007."

12. Admit that the agreement referenced in the complaint and attached as Exhibit 1 contains a section 1.1 titled "Term of Employment in which the phrase "Initial Term" is defined. Defendants respectfully refer the Court to section 1 in its entirety.

13. Admit that the agreement referenced in the complaint and attached as Exhibit 1 contains a section 1.4 titled "Consideration." Defendants respectfully refer the Court to section 1 in its entirety.

14. Admit that the agreement referenced in the complaint and attached as Exhibit 1 contains a section 2.1 titled "Base Salary." Defendants respectfully refer the Court to section 2 in its entirety.

15. Admit that the agreement referenced in the complaint and attached as Exhibit 1 contains a section 3 titled "Place of Performance"  Defendants respectfully refer the Court to section 3 in its entirety.

16. Admit that the agreement referenced in the complaint and attached as Exhibit 1 contains a section 5 titled "Termination of Employment." Defendants respectfully refer the Court to section 5 in its entirety.

17. Admit that the agreement referenced in the complaint and attached as Exhibit 1 contains a section 5.2 titled "Notice of Termination." Defendants respectfully refer the Court to section 5 in its entirety.

18. Admit that the agreement referenced in the complaint and attached as Exhibit 1 contains a section 5.2. Defendants respectfully refer the Court to section 5 in its entirety.

19. Deny knowledge or information sufficient to admit or deny the allegations of paragraph 19.

20. Admit.

21. Admit that Croce received a written notice of termination as required under the agreement.

22. Admit.

23. Admit that at the time of Croce's termination, AHI was not aware of any of the actions Croce had taken while being paid by AHI that would give rise to termination for cause. Defendants state that, since Croce's termination, AHI has discovered that Croce engaged in conduct for which he could have been terminated for cause. Defendants further state that these

actions were incapable of cure, thus, under paragraph 5.1.3 of the agreement attached as Exhibit 1, Croce would not be entitled to written notice. Consequently, at the time of his termination, AHI had not provided Croce with any written notice of his breach of paragraph 5.1.3. Defendants respectfully refer the Court to section 5.1.3 in its entirety.

24. Admit that, at the time of Croce's termination on September 6, 2007, AHI did not inform Croce that he had been terminated for cause. AHI further states, however, that upon subsequent investigation it has learned that grounds existed as of September 6, 2007 for which Croce could have been terminated for cause.

25. Admit that the agreement referenced in the complaint and attached as Exhibit 1 contains a section 5.4.2. Defendants respectfully refer the Court to section 5.4.2 in its entirety.

26. Admit that the agreement referenced in the complaint and attached as Exhibit 1 contains a section 5.4.2. Defendants respectfully refer the Court to section 5.4.2 in its entirety.

27. Deny.

## COUNT ONE - BREACH OF CONTRACT
### (Plaintiff v. AHI)

28. Defendants repeat and reallege each of their responses set forth in the preceding paragraphs above as if fully set forth herein at length.

29. Deny.

30. Deny.

31. Deny.

## PRAYER FOR RELIEF

Defendants deny that Croce is entitled to any of the relief requested or to any other relief.

## COUNT TWO - VIOLATIONS OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### (Plaintiff v. AHI Defendants)

32. Defendants repeat and reallege each of their responses set forth in the preceding paragraphs above as if fully set forth herein at length.

33. Deny.

34. Deny.

35. The allegations contained in paragraph 35 of the complaint are legal conclusions and therefore no admission or denial is required.

36. Deny.

## PRAYER FOR RELIEF

Defendants deny that Croce is entitled to any of the relief requested or to any other relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it would not otherwise be placed on Defendants, Defendants state the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Croce's claim is barred because his actions constituted grounds for him to be terminated for cause, which entitles him to no statutory or contractual relief.

## THIRD AFFIRMATIVE DEFENSE

Croce's claims are barred by the doctrine of unclean hands, which bars him from any contractual or statutory recovery.

## FOURTH AFFIRMATIVE DEFENSE

Defendants assert any and all other affirmative defenses as may be appropriate as the facts in this matter may show, and Defendants reserve the right to assert such other affirmative defenses to Croce's Complaint as may be applicable

**WHEREFORE**, Defendants respectfully pray that this Court:

A. Enter judgment against Croce and in favor of Defendants;

B. Dismiss the Complaint in its entirety with prejudice;

C. Decline to award the relief requested by the Complaint;

D. Award Defendants costs, expenses and attorneys' fees incurred in defense of the Complaint; and

E. Grant Defendants such additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial as to all triable issues.

Dated: New York, New York
December 3, 2007

                                  COHEN & GRESSER LLP

                                  By:      /s/
                                        Sandra C. McCallion (SM 0833)
                                        100 Park Avenue, 23rd Floor
                                        New York, New York 10017
                                        (212) 957-7600
                                        smccallion@cohengresser.com

                                        *Attorneys for Defendants America Hears, Inc., Henry C. Smith, and Robert Howard*